# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—GENERAL

| Case No. | **8:17-cv-00343-PSG (SHK)** | Date: | March 29, 2018 |
|---|---|---|---|

| Title: | ***Bo Liu v. Central Intelligence Agency*** |
|---|---|

Present: The Honorable    SHASHI H. KEWALRAMANI, UNITED STATES MAGISTRATE JUDGE

| DANA CASTELLANOS | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Why Action Should Not Be Dismissed With Prejudice**

On February 27, 2017, Plaintiff Bo Liu ("Plaintiff"), proceeding pro se, filed a civil rights Complaint, under 42 U.S.C. § 1983, alleging constitutional violations against the Central Intelligence Agency. Electronic Case Filing Number ("ECF No.") 1, Complaint. On March 3, 2017, the Court dismissed Plaintiff's Complaint, sua sponte, for failing to state a cognizable claim for relief. ECF No. 9, Memorandum and Order Dismissing Complaint with Leave to Amend ("ODLA"). The Court granted Plaintiff thirty day's leave to file a First Amended Complaint ("FAC"), making April 2, 2017, the deadline to file a FAC. Id. On March 14, 2017, Plaintiff objected to the Court's ODLA. ECF No. 10, Plaintiff's Objection to ODLA ("Objection"). However, as of the date of this Order, nearly a year after the Court's April 2, 2017, FAC filing deadline, Plaintiff has not filed a FAC.

As the Court noted in its ODLA, Plaintiff filed a Complaint in 2003 asserting many of the same allegations then against the Orange County and Santa Clara County Sheriff's Departments that he is asserting in his instant Complaint. Id.; 8:03-cv-00365-AHM (MAN), ECF No. 1, Complaint. On May 9, 2006, the Ninth Circuit Court of Appeals affirmed the district court's Order granting Summary Judgment for Defendants in that case. 8:03-cv-00365-AHM (MAN), ECF No. 133, Mandate of the Ninth Circuit Court of Appeals.

/ / /

---

# I. PLAINTIFF IS ORDERED TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER.

"The failure of the plaintiff eventually to respond to the court's [order]—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of Rule 41(b) dismissal." <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1065 (9th Cir. 2004). On the other hand, when "the plaintiff makes an affirmative <u>choice</u> not to amend, and clearly communicates that choice to the court, there has been no disobedience to a court's order to amend." <u>Id.</u> (such a choice then "merely ripens into a final, appealable judgment") (emphasis in original).

Here, by objecting to the Court's ODLA, rather than filing a FAC as ordered, Plaintiff appears to have made an affirmative choice not to file a FAC. Accordingly, Plaintiff is ordered to, within thirty days of this Order, either: (1) file a FAC curing the deficiencies stated in the ODLA; (2) expressly confirm that he will not file a FAC, and that he wishes to stand on his original Complaint; or (3) voluntarily dismiss the action. Plaintiff is warned, however, that failure to comply with this Order to notify the Court of his choice will result in the dismissal of this action under Rule 41(b).

# II. ORDER

The Court HEREBY ORDERS Plaintiff to SHOW CAUSE in writing **within thirty (30) days** of the date of this Order why the action should not be dismissed, with prejudice. **Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed with prejudice for the reasons set forth above and/or for failure to comply with Court orders and failure to prosecute, as Plaintiff was already warned once in the ODLA.** <u>See</u> Fed. R. Civ. P. 41(b).

<u>**Option 1: File a FAC**</u>: If Plaintiff chooses to file a FAC, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. The FAC must also be complete without reference to the Complaint or any other pleading, attachment, or document.

Moreover, if Petitioner chooses to file a FAC, he must also show cause as to why his FAC is not barred by the doctrine of res judicata. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata." <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892 (2008) (internal quotation marks omitted). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims **that were raised or could have been raised in the prior action**." <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 713 (9th Cir. 2001) (quoting <u>W. Radio Servs. Co. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir. 1997)) (emphasis added). In determining whether res judicata applies and requires a case to

be dismissed, the Court examines whether there exists: (1) an "identity or privity between parties" in both cases; (2) "an identity of claims" in both cases; and (3) "a final judgment on the merits" in the previously filed case. <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002) (citation omitted).

Here, it appears that there is privity between the parties in Plaintiff's 2003 action and his instant action because some of the law enforcement departments that Plaintiff sued in his previous action are alleged to be working with the CIA in his instant Complaint. ECF No. 1, Complaint at ¶ 41; 8:03-cv-00365-AHM (MAN), ECF No. 122, Report and Recommendation ("R&R") at 2-3. The Court also finds that there is an identity of claims in both cases because the events that gave rise to Plaintiff's 2003 action are the same events alleged in his instant case. For example, Plaintiff alleges in both suits that Defendants used electromagnetic or acoustic beams to physically torture Plaintiff, placed small remote-controlled objects into his food, and conducted illegal surveillance on Plaintiff, which spanned the same period of time. ECF No. 1, Complaint at ¶¶ 9-24; 8:03-cv-00365-AHM (MAN), ECF No. 122, R&R at 6-8. Finally, the last element of res judicata is met because the Court entered a final judgment on the merits of Plaintiff's first action on May 13, 2005. 8:03-cv-00365-AHM (MAN); ECF No. 125, Order Adopting R&R; ECF No. 133, Ninth Circuit Mandate Affirming District Court Decision. Accordingly, any FAC Plaintiff may choose to file should also demonstrate why res judicata should not apply in this action.

**The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the FAC, which the Court encourages Plaintiff to use.**

**<u>Option 2: Plaintiff submits written confirmation that he will not file a FAC, and that Plaintiff wishes to stand on his original Complaint.</u>**

**<u>Option 3: Voluntary Dismissal</u>**: Plaintiff may request a voluntary dismissal of this action under Federal Rule of Civil Procedure 41(a). The Clerk of Court is directed to attach **a Notice of Dismissal form to this Order for Plaintiff's convenience.**

**IT IS SO ORDERED.**